IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NOEL CASTILLO,**<br><br>                           Petitioner,<br><br>          v.<br><br>**MICHAEL L. BENOV,**<br><br>                           Respondent. | 1:12-cv-01982 AWI MJS HC<br><br>**ORDER FOR PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT**<br><br>**ORDER PERMITTING RESPONDENT TO REPLY TO PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE** |

      Petitioner is a former federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      Respondent has responded to the petition, in which Petitioner challenges a disciplinary proceeding and seeks the restoration of good time credit. The court required Respondent to respond to the petition, and the matter has been fully briefed by the parties. However, according to the Federal Inmate Locator, available online, Petitioner's release date was August 12, 2013. The Federal Inmate Locator indicates that Petitioner has been released from Bureau of Prisons custody.

      Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. <u>Iron Arrow Honor Society v. Heckler</u>, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy

in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. See Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer v. Kemna, 523 U.S. at 18.

A case becomes moot because of the absence of an actual case or controversy where the petitioner no longer suffers or anticipates an injury traceable to the respondent which is likely to be redressed by a judicial decision. Spencer v. Kemna, 523 U.S. at 11. Although a habeas claim for credit on a sentence may be mooted by the petitioner's release, it is also possible that the claim remains viable. For example, a habeas challenge to a term of imprisonment is not mooted by a petitioner's release where the petitioner remains on supervised release and there is a possibility that the petitioner could receive a reduction in his term of supervised release. Reynolds v. Thomas, 603 F.3d 1144, 1148 (9th Cir. 2010). In Reynolds, it was held that a proceeding pursuant to 28 U.S.C. § 2241 challenging a decision of the BOP denying the petitioner's request for credit towards his federal sentence for days spent in state custody was not moot where the petitioner was released and remained on supervised release, and the BOP's internal, favorable decision did not recalculate the petitioner's release date as the petitioner had requested.

Accordingly, IT IS ORDERED that within thirty (30) days of the date of this order, Petitioner shall show cause why the Court should not dismiss the petition for mootness. If Petitioner files a response to this order, Respondent may file a reply to Petitioner's

1  response no later than ten (10) days after the date of service of Petitioner's response on
2  Respondent. Petitioner is instructed that a failure to comply with this order may itself be
3  considered a basis for imposing sanctions against Petitioner pursuant to Local Rule 110,
4  and will result in dismissal of the petition.

IT IS SO ORDERED.

Dated:   October 29, 2013           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE